**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **1:16-cr-245-01-WSD** |
| **ERROL ALFRED,** | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Errol Alfred's ("Alfred" or "Defendant") Objection to Magistrate's Order of Dentention [sic] and Motion for De Novo Hearing [35].

**I.     BACKGROUND**

On June 29, 2016, Alfred and two others were charged in a fifteen (15) count indictment with making false statements during purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). These charges arise from a series of alleged firearms purchases by Alfred and his co-defendants. All or some of the firearms were ultimately sent to Trinidad. A total of at least twenty-five (25) guns were allegedly purchased illegally.

Defendant was arrested on or about August 3, 2016. When he was arrested, he had in his possession false identification, fraudulent credit cards, a credit card skimming machine and a credit card embossing machine.

Alfred initially appeared before Magistrate Judge Alan J. Baverman of our Court. Magistrate Judge Baverman conducted a detention hearing on August 8, 2016, and ordered that Alfred be detained on the grounds that he is a flight risk and poses a danger to the safety and financial well-being of the community. ([23]). Alfred now appeals the Magistrate Judge's detention order.

## II.     DISCUSSION

### A.     Legal Standard

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may seek prompt review of the detention order in district court. The district court's review is *de novo*. See United States v. Jeffries, 679 F. Supp. 1114, 1115 (M.D. Ga. 1988) (citing United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987)). In conducting the review, the district court may rely entirely on the pleadings and the evidence developed at the magistrate judge's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). After having reviewed the record, the Court determined to conduct a further

evidentiary hearing, which it conducted on August 25, 2016.

    B.    <u>Analysis</u>

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial.  The government bears the burden of establishing that the defendant should be detained, either by a preponderance of the evidence that the defendant poses a high risk of flight, or by clear and convincing evidence that the defendant constitutes a danger to certain individuals and to the community.  <u>United States v. Quartermaine</u>, 913 F.2d 910, 917 (11th Cir. 1990).  Section 3142(g) provides the following factors that a court shall consider in determining whether a person poses a flight risk or a danger to the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . [or involves] a controlled substance . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). The evidence here substantially supports that Alfred continue to be detained.

Alfred is both a threat to the safety of others and presents a risk of flight. The Court acknowledges that Defendant has been charged with an offense involving falsifying records submitted to a federally-licensed firearms dealer. That is the nature of the offense. It is the consequence of the offense that presents a risk to the safety of others. Defendant is alleged to have caused the purchase of guns on multiple occasions and that he transferred the weapons, by some transfer mechanism, to others. Thus, Defendant is alleged to have been the source or origin of guns that were unable to be recovered and which now are in the hands of unidentified individuals. That is, Defendant was at the spigot of a gun pipeline of unknown length. That they were purchased illegally and disposed of in some way, presents persuasive evidence that Defendant callously allowed firearms to be placed into a pipeline for transfer to persons who wanted weapons even if they were purchased illegally.[1] The distribution of weapons to unknown persons presents the clear risk that they are now available to cause harm to others.

---

[1] The Government represents it will seek a superseding indictment to allege that Defendant has engaged in the illegal smuggling of firearms to Trinidad.

Defendant also poses a risk to the financial safety of the public.  When Defendant's home was searched, he was in possession of a credit card skimming device and five credit cards in Defendant's name, all lying on a sofa in Defendant's home.  Also found in the house was a credit card embossing machine and a bag of more than twenty (20) other credit cards.  Found further was a driver's license with Defendant's picture but with identifying information for another person.  These materials and identification device point to a substantial risk that Defendant has and, if released, will, threaten the financial resources and well-being of other citizens.

The preponderance of the evidence also shows that Defendant presents a flight risk.  Defendant is facing serious federal felony offenses and has been put on notice that more significant charges are planned to be presented to the grand jury.  Defendant has family and friends in Trinidad and visits them often.  That he has only one child in the United States supports that he may well be motivated to escape his criminal prosecution by leaving the country, with his daughter, if he is not detained.

Applying the Section 3142(g) factors, and after reviewing the record in this case, including the transcripts of and the evidence presented at the August 8 and 25, 2016, evidentiary hearings, the Court concludes that the

Government has proved by a preponderance of the evidence that Alfred is a flight risk, and has presented clear and convincing evidence that Alfred is a danger to the community. The Government further has proved that no condition or set of conditions will reasonably assure that Alfred will not endanger the community or that he will be present at trial. See 18 U.S.C. § 3142(f).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Objection to Magistrate's Order of Dentention [sic] and Motion for De Novo Hearing [35] is **GRANTED IN PART AND DENIED IN PART.** It is **GRANTED** in that a further evidentiary hearing was conducted by the Court on August 25, 2016. It is **DENIED** in that the Order detaining Defendant is affirmed.

**SO ORDERED** this 27th day of September, 2016.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE