IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

         INDICTMENT:  1:16-CR-00245-WSD-JFK

ERROL ALFRED,
  DEFENDANT.

## SENTENCING MEMO

The following is Errol Alfred's sentencing memorandum:

### SINGLE DAD, PRIOR RECORD and DISPROPORTIONATE SENTENCES

1.

Mr. Alfred requests the court take into consideration his lack of any serious prior encounters with the law with the fact that at the time of his arrest he was raising his daughter alone.  Mr. Alfred suggests that this is a mitigating factor that the court should take into consideration prior to determining a fair and just sentence.  Mr. Alfred's daughter and at least one other family member are expected to be present for the sentencing.  Mr. Alfred recognizes that he needs to be punished for his misdeeds but suggests that this court should take into consideration the job he was doing raising his daughter as a single dad.  His daughter was a good student attending school on a regular basis.  The court does not have to consider the impact a 97-121 month sentence will have on Mr. Alfred's daughter's future however it is a concern that the court should consider.

1

However, the fact that Mr. Alfred was raising his daughter alone should also be taken into consideration with the fact that his prior encounters with the law were minor. The pre-sentence report gives Mr. Alfred zero criminal history points (see par. 81 of the pre-sentence report).

The suggested sentencing guideline range of 97-121 grossly overstates the punishment needed. Equally important, however, is the 97-121 month guideline range is substantially greater than the punishments of the co-defendants. Ms. Dunham received a six month sentence and even if her responsibilities to the criminal acts were less than Mr. Alfred's the difference between six months and 91-121 months is severely disproportionate. Mr. Fernandez's sentence was only 27 months and that sentence also is also disproportionate to the 91-121 month range being suggested.

## LACK OF LEADERSHIP ROLE

### II.

Mr. Alfred made a general objection as well as specific objections that he was not an organizer or leader of criminal activity. His co-defendants along with the unindicted co-conspirator were all buying weapons prior to Mr. Alfred moving to Georgia. Each individual had an important role. Mr. Alfred asserts that Ms. Dunham was the person that located the pawn shop being used by the parties while

2

Mr. Alfred's role was more related to the finances. Furthermore, Mr. Fernandez was buying weapons on behalf of other individuals as well.

Mr. Alfred should not be assessed a leadership role as the parties involved all played a vital and integral role in the success or failure of the criminal offenses.

<u>DOWNWARD DEPARTURE PURSUANT TO 2M5.2 and/or 2X1.1</u>

III.

A downward departure should be granted pursuant to 2M5.2 and/or 2X1.1 (see par. 51 of the pre-sentence report). The application note to 2M5.2 reads, in part, as follows:

> "The base offense level assumes that the offense conduct was harmful or had the potential to be harmful to a security or foreign policy interest of the United States. In the unusual case where the offense conduct posed no such risk, a downward departure may be warranted…."

There is no evidence to suggest that Mr. Alfred's conduct was harmful or had the potential to be harmful to a security or foreign policy interest of the United States therefore a downward departure is warranted.

2X1.1 states that if there is an attempt or a conspiracy that that a 3 level downward adjustment is warranted under certain circumstances. Those circumstances fit Mr. Alfred's case as there is not any proof that weapons were delivered to Trinidad and Tobago.

CONCLUSION

IV

Please see Mr. Alfred's April 17, 2017 for further discussion of his objections.

Respectfully submitted,

/s/Michael Saul

Michael H. Saul
Attorney for Defendant
627025

P.O. Box 4504
301 Washington Avenue
Marietta, Georgia, 30061
770-429-8787

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused the attached memo to be served electronically to the United States and the attorneys for the other parties.

This May 21, 2018.

Respectfully submitted,

/s/Michael Saul

Michael H. Saul
Attorney for ERROL ALFRED
627025

P.O. Box 4504
301 Washington Ave.
Marietta, Georgia, 30061
770-429-8787